IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
UNITED STATES OF AMERICA,    )
                             )
        v.                   )    1:04cr96 (JCC)
                             )
BELKIS DIAZ,                 )
                             )
        Defendant.           )
```

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on request by Defendant to reconsider its decision for re-sentencing.  For the following reasons, the Court will deny Defendant's request.

**I.  Background**

During a re-sentencing hearing for Defendant, the issue before the Court was whether the Government can withhold the third-level reduction for the acceptance of responsibility reduction under USSG § 3E1.1 in the event that it simply disagrees with the Court's determination that Defendant was entitled to the reduction.  The Court decided then that Application Note 6 to the Guideline clearly addressed the issue, and quoted it verbatim, stating:  "Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection(b) may only be granted upon a formal motion by the Government at the time of sentencing."  USSG §

3E1.1, comment. (n.6).  As a result, the Court did not grant Defendant the additional third-level reduction in her sentence.

## II. Analysis

Defendant now asks the Court to revisit this decision, and has provided case law in support of the notion that the Government cannot withhold the third-level reduction only on the grounds that it disagrees with the Court.  *See United States v. Richins*, 429 F. Supp. 2d 1259 (D. Utah 2006).  In that case, Judge Cassell held that the Government must provide a valid basis for withholding the third-level motion in the event that the Court finds that Defendant timely accepted responsibility and is entitled to a reduction.  *Id.* at 1261-62.

In response to this request by Defendant, the Government has provided a significant amount of authority--most persuasive of which is the Tenth Circuit's *United States v. Moreno-Trevino*--binding precedent on the District of Utah and directly at odds with *Richins*.  432 F.3d 1181, 1186-87 (10th Cir. 2005)(affirming government's refusal to move for the third-level in disagreement with the Court's decision).  The overwhelming majority of cases clearly bolsters the sentencing decision

made by this Court,[1] and the Court finds no reason to re-visit its previous decision.

### III. Conclusion

For the foregoing reasons, Defendant's request to re-visit the Court's holding at sentencing is denied, and Defendant's sentence is affirmed.


January 19, 2007                          _____/s/_____
Alexandria, Virginia                             James C. Cacheris
                                          UNITED STATES DISTRICT COURT JUDGE

---

[1] *See, e.g., United States v. Chase*, 466 F.3d 310, 315 (4th Cir. 2006)("an adjustment under subsection(b) may *only* be granted upon a formal motion by the Government")(quoting USSG § 3E1.1, comment. (n.6))(emphasis by the Fourth Circuit); *United States v. Sloley*, 464 F.3d 355, 359 (2d Cir. 2006)(Section 3E1.1 "contemplates situations in which a court may find acceptance of responsibility while the government prosecutor may not."); *United States v. Espinoza-Cano*, 465 F.3d 1126, 1145 (9th Cir. 2006).